# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:15-CR-17-HLM-WEJ |
| ROBERT GLENN DANNER, JR. | |

## ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence [15], on Defendant's Motion to Suppress Statements [16], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [28], and on Defendant's Objections to the Non-Final Report and Recommendation [31].

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error.  <u>Macort</u>, 208 F. App'x at 784.  Legal conclusions, of course, are subject to de novo review even if no party specifically objects.  <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

### A.   Statement of Facts

The Court's review of the record in this case reveals that Judge Johnson correctly set forth the facts in this action.  Indeed, Defendant states in his Objections that he "does not contest the magistrate's rendition of the facts." (Objections (Docket Entry No. 31) at 1.)   The Court

therefore adopts the Statement of Facts portion of the Non-Final Report and Recommendation, and incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein.  (Non-Final Report & Recommendation (Docket Entry No. 28) at 1-8.)

### B.   Procedural Background

On June 2, 2015, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant.  (Docket Entry No. 1.)  The Indictment alleges that, on or about March 25, 2015, in the Northern District of Georgia, Defendant, having been convicted of a felony offense, did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Rossi .38 special caliber revolver, five live hollow point .38 special rounds of

4

ammunition, and twenty-one live hollow point .38 special rounds of ammunition, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2).  (Id. at 1-2.)  The indictment also contains a forfeiture provision.  (Id. at 2-3.)

On August 26, 2015, Defendant filed his Motion to Suppress Evidence.  (Docket Entry No. 15.)  On that same day, Defendant filed his Motion to Suppress Statements. (Docket Entry No. 16.)

Judge Johnson held an evidentiary hearing on Defendant's Motion to Suppress.  (Docket Entry No. 20.) On February 23, 2016, Judge Johnson issued his Non-Final Report and Recommendation.   (Docket Entry No. 28.) Judge Johnson recommended that the Court deny

AO 72A
(Rev.8/82)

Defendant's Motion to Suppress Evidence and Defendant's Motion to Suppress Statements.  (Id.)

Defendant filed Objections to the Non-Final Report and Recommendation.  (Docket Entry No. 31.)  The time period in which the Government could file a response to Defendant's Objections has expired, and the Court finds that the matter is ripe for resolution.

## III.  Discussion

### A.  Motion to Suppress Evidence

Defendant argues that the search of his residence was improper because the officers lacked reasonable suspicion that Defendant was engaging in illegal activity.  (Br. Supp. Mot. Suppress (Docket Entry No. 24) at 3-7; Reply Supp. Mot. Suppress (Docket Entry No. 27) at 3-5.)   Judge

6

Johnson correctly set forth the relevant law relating to the

Fourth Amendment, warrantless searches, and probationers

in his Non-Final Report and Recommendation.  (Non-Final

Report & Recommendation at 9-10.)  The Court also agrees

with Judge Johnson that Defendant's "search and seizure

probation conditions were reasonable given the diminished

expectation of privacy probationers enjoy and the

government's interest in supervising them," and that also

finds that Defendant "does not challenge that he agreed to

these conditions or their validity."   (Id. at 11.)[1]   Judge

Johnson also correctly summarized the law governing

---

[1]In his Objections, Defendant notes that he "is not asserting he
did not consent to the conditions of probation at the time they were
imposed." (Objections at 8 n.2.) Instead, Defendant states that he
"is asserting that any consent purportedly obtained on March 25,
2015, was merely his acquiescence to a show of lawful authority."
(Id.)

reasonable suspicion, and properly concluded that the officers had a reasonable suspicion that Defendant was engaged in criminal conduct.   (Id. at 11-14.)   As Judge Johnson noted:

> [T]he probation officers involved in [Defendant's] case received two phone calls from what they described as a reliable source that [Defendant] was making money, but was not working.   This gave them the impression that [D]efendant might be involved in selling drugs, in particular methamphetamine.   This was a reasonable impression, given that [Defendant] was on probation for a possession of methamphetamine charge that occurred while he was on probation for his first possession of methamphetamine charge.

> Defendant asserts that because Probation Officer [Jill] Fisher was unsure as to whether [Defendant] was actually employed at the time of the search, the informant phone calls were insufficient to create a reasonable suspicion that he was engaged in illegal activity (i.e., selling methamphetamine).   Probation Officer Fisher

testified that while she was aware [Defendant] had worked in the past, she also knew that he suffered from medical issues that were affecting his ability to work full-time.  There is no reason to doubt the reliability of her testimony.  The informant tip that [Defendant] was not working but earning income was sufficient, combined with Probation Officer Fisher's prior knowledge that [Defendant] was limited in his ability to work full-time, to create a reasonable suspicion that he was involved in illegal drug activity.   Thus, Probation Officer Fisher's knowledge was sufficient to justify the officers' search.

(Id. at 12-14 (citations omitted).)  With all due respect to Defendant, the Court finds that nothing in Defendant's Objections warrants a different result.  (Objections at 4-6.) Contrary to Defendant's assertions, the probation officer did not simply have "an inchoate suspicion or hunch of criminal activity." (Id. at 5.) Rather, the totality of the circumstances demonstrates that the officers had a reasonable suspicion

that Defendant, as a probationer, was violating the terms of his probation or engaging in criminal conduct.  The Court therefore overrules this Objection.

Alternatively, Judge Johnson correctly found that Defendant gave valid, voluntary consent to the search. (Non-Final Report & Recommendation at 14-20.)  Judge Johnson accurately set forth the applicable law governing consent. (Id. at 14-16.) Judge Johnson also correctly found that Defendant's consent was given freely and voluntarily. (Id. at 16-20.)  As Judge Johnson noted:

> Considering the totality of the circumstances, [Defendant's] consent was free and voluntary. Officers reminded [D]efendant upon their arrival that he was on probation, and that his probation conditions included the search and seizure provisions. [Defendant] indicated that he understood this. After informing [D]efendant that they wanted to search his residence at that time,

10

the officers presented [D]efendant with the Waiver of Fourth Amendment form, which [D]efendant signed. [Defendant] was not handcuffed when he was given the consent form, and officers did not draw their weapons, yell at, or threaten him. Overall, the evidence shows that the interaction between [D]efendant and the searching officers was cooperative and calm.

(Id. at 16.) Again, with all due respect to Defendant, nothing in his Objections warrants a different result. (Objections at 6-8.) Further, the Court agrees with Judge Johnson that the facts of this case are distinguishable from the facts of Bumper v. North Carolina, 391 U.S. 543 (1968), upon which Defendant relies. (Non-Final Report & Recommendation at 17-20; see also Objections at 7-8 (arguing that the facts of this case are analogous to those of Bumper).) Judge Johnson therefore properly concluded that "considering the totality of the circumstances, here, [Defendant's] consent

11

was given freely and voluntarily." (Id. at 20.)  The Court therefore overrules this portion of Defendant's Objections.

For the reasons discussed above, the Court finds that Judge Johnson correctly recommended denial of Defendant's Motion to Suppress Evidence.  The Court therefore adopts this portion of the Final Report and Recommendation, and overrules Defendant's corresponding Objections.

## B.  Motion to Suppress Statements

In his Motion to Suppress Statements, Defendant argues that the Court should suppress any statements obtained from him during or after the search because those statements were not made knowingly and voluntarily.  (See generally Mot. Suppress Statements (Docket Entry No. 16).)

12

Specifically, Defendant contends that, because the waiver

of his right not to incriminate himself was the product of an

unlawful search, it was invalid.  (See generally id.)  Judge

Johnson properly rejected this argument, noting:

> Because the Court finds that the search of
> [Defendant's] residence was valid, it could not
> have tainted any of [D]efendant's statements.
> Moreover, [Defendant] was given a full Miranda
> warning, after which he waived his rights in writing.
> He was not threatened or promised anything in
> return for doing so.

(Non-Final Report & Recommendation at 21.)  The Court

finds that Judge Johnson correctly assessed the evidence,

and concludes that Defendant's Miranda waiver was valid.

Once again, nothing in Defendant's Objections warrants a

different result.  (Objections at 8-11.)  As such, the Court

adopts    this    portion    of    the    Non-Final    Report    and

13

Recommendation, overrules Defendant's corresponding Objections, and denies Defendant's Motion to Suppress Statements.

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [28], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [31], **DENIES** Defendant's Motion to Suppress Evidence [15], and **DENIES** Defendant's Motion to Suppress Statements [16].

IT IS SO ORDERED, this the 18 day of March, 2016.

_____

UNITED STATES DISTRICT JUDGE